# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-1222V
### Filed: January 31, 2017
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| MICHAEL OPPERMAN, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | * Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Jerome A. Konkel, Samster, Konkel & Safran, S.C., Milwaukee, WI for petitioner.*
*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On December 22, 2014, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barre Syndrome ("GBS") as a result of her December 27, 2011 influenza ("flu) and January 24, 2012 tetanus- diphtheria- acellular pertussis ("Tdap") vaccinations. On May 4, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' Stipulation. (ECF No. 26).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 7, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 31). Petitioner requests attorneys' fees in the amount of $10,613.00 and attorneys' costs in the amount of $926.58 for a total amount of $11,539.58.[3] *Id.* at 1. In compliance with General Order #9, petitioner filed a signed statement indicating petitioner incurred no out-of-pocket expenses.

On November 28, 2016, respondent filed a response stating respondent that

> [r]espondent does not object to the overall amount sought, as it is not an unreasonable amount to have been incurred for proceedings in this case to date. Respondent's lack of objection to the amount sought in this case should not be construed as admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs

(ECF No. 32).

The undersigned reviewed the billing records submitted with petitioner's request and notes that the billing records indicate that time billed on 4/22/2016, 5/4/2016, and 5/11/2016 relates to tasks performed by "JG" (Jennifer Grambling), petitioner's counsel's paralegal; however the billed rate for these tasks is $312, which corresponds to the rate of petitioner's counsel (Jerome A. Konkel) and not Ms. Grambling's $88 rate. (ECF No. 31-1 at pp. 7-8).[4] Accordingly, the undersigned reduces petitioner's counsel's fee award by $268.80 to reflect the difference between Mr. Konkel and Ms. Grambling's rates for the 1.2 hours of time billed on 4/22/2016, 5/4/2016, and 5/11/2016 by Ms. Grambling at Mr. Konkel's rate.

Other than the deduction noted above, in the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to further reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

---

[3] The undersigned notes that petitioner's motion indicates petitioner incurred a total amount of $11,549.58 in attorneys' fees and costs. However, this is incorrect. $11,539.58 is the sum of $10,613.00 (representing petitioner's attorneys' fees) and $926.58 (representing petitioner's attorneys' costs).

[4] The undersigned notes that the OSM staff attorney managing this claim emailed petitioner's counsel on January 5, 2017 to obtain clarification in regard to these entries. (*See* Informal Communication filed January 6, 2017). However, the OSM staff attorney received no response to the email communication.

**Accordingly, the undersigned awards the total of $11,270.78[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Jerome A. Konkel.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.